**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**BERNABE MIJAREZ ENRIQUEZ**                    **CIVIL ACTION NO. 1:26-CV-00294**

**VERSUS**                                      **JUDGE ALEXANDER C. VAN HOOK**

**KRISTI NOEM, ET AL.**                         **MAGISTRATE JUDGE WHITEHURST**

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion for Order to Show Cause (doc. 3) filed by Bernabe Mijarez

Enriquez ("Petitioner"), through counsel. Petitioner, a national and citizen of Mexico, who entered

the United States in the late 1990's, was taken into custody on or about January 10, 2026, and has

remained in ICE custody ever since.  Doc. 1, p. 8.  Petitioner seeks an order from this Court

declaring his continued detention unlawful and ordering Respondents to release him forthwith

from their custody. Petitioner asks the court to order the Government to respond to the petition

within three days or, alternatively, no more than twenty-one days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas
> corpus shall forthwith award the writ or issue an order directing the
> respondent to show cause why the writ should not be granted, unless it
> appears from the application that the applicant or person detained is not
> entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having
> custody of the person detained. It shall be returned within three days unless
> for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance

with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008).

The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254

cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie*

*Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 3) is GRANTED.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within 21 days of the date of this Order. Petitioner shall have seven days to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED** in chambers this 3rd day of March, 2026.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).